UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 17-3510-CAS (KS)                                     Date: December 21, 2017

Title   *Alberto Zuniga v. Warren Montgomery*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

|  Roxanne Horan-Walker  |  N/A  |
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioners:        Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On May 10, 2017, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition For Writ Of Habeas Corpus ("Petition").  (Dkt. No. 1.)  On May 16, 2017, United States Magistrate Judge Charles F. Eick ordered Respondent to respond to the Petition.  (Dkt. No. 4.)  On May 25, 2017, the matter was transferred to United States Magistrate Judge Karen L. Stevenson.  (Dkt. No. 8.)

On June 21, 2017, Respondent filed a Motion to Dismiss (the "Motion") on the grounds that the Petition is untimely.  (Dkt. No. 15.)  On August 7, 2017, after more than 45 had days passed since the date Respondent filed the Motion and no Opposition to the Motion had been filed, the Court ordered Petitioner to file no later than September 6, 2017 either an Opposition to the Motion or a Notice of Voluntary Dismissal.  (Dkt. No. 17.)  The Court warned Petitioner that his failure to timely comply with the Order could lead to a recommendation of dismissal based on Local Rule 7-12 and Rule 41 of the Federal Rules of Civil Procedure.  (*Id.*)

Petitioner then sought multiple extensions of time to file the Opposition.  (*See* Dkt. Nos. 18, 20, 22.)  The Court granted Petitioner's requests, ultimately awarding Petitioner an additional 90 days to file an Opposition.  (*See* Dkt. Nos. 19, 21, 23.)  In the order granting Petitioner's third request for an extension, the Court warned Petitioner that no additional extensions would be granted and his failure to file an opposition on or before the December 5, 2017 deadline would result in a recommendation of dismissal. (Dkt. No. 23.)

Nevertheless, more than two weeks have now passed since the date on which Petitioner's opposition was due, and Petitioner has not filed a response to the Motion to Dismiss.  Local Rule 7-12 states that a party's failure to file a required document such as an opposition to a motion "may be deemed consent to the granting [ ] of the motion."  Further, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be subject to involuntary dismissal if a Petitioner "fails to prosecute or to comply with these rules or a court order."  Thus, the Court could properly recommend dismissal of the action for Petitioner's failure to oppose the Motion To Dismiss and to timely comply with the Court's orders.

However, in the interests of justice, Petitioner is **ORDERED TO SHOW CAUSE on or before January 22, 2018** why the action should not be dismissed under Local Rule 7-12 and Rule 41(b) of the Federal Rules of Civil Procedure.  Petitioner's response to this OSC must include either:  (1) a complete and detailed opposition (in a manner fully complying with the Local Rules) to the Motion to Dismiss; or (2) a request for an extension to file the Opposition accompanied by a sworn declaration or other competent evidence (not to exceed 3 pages) establishing good cause for Petitioner's failure to timely respond to the Motion to Dismiss.

Alternatively, Petitioner may discharge this Order and dismiss this case by filing a signed document entitled a "Notice of Voluntary Dismissal" requesting the voluntary dismissal of the action without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

**Petitioner is cautioned that his failure to timely comply with this order will lead to a recommendation of dismissal based on Local Rule 7-12 and Rule 41 of the Federal Rules of Civil Procedure.**

|  | : |
|---|---|
| **Initials of Preparer** | rhw |